1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AMALGAMATED TRANSIT UNION    )
LOCAL 1637, et. al.,                )
                             )
             Plaintiff,     )
                             )
vs.                              )
                             )
VEOLIA TRANSPORTATION SERVICES, INC.,  )
                             )
            Defendant.    )
                             )

Case No.  2:11-cv-01986-JCM-CWH

**ORDER**

This matter is before the Court on Plaintiff Amalgamated Transit Union, Local 1637's Proposed Discovery Plan and Scheduling Order (#30) and Defendant Veolia Transportation Services, Inc.'s Proposed Discovery Plan and Scheduling Order (#31), both filed May 25, 2012.

The parties collectively bargained for a labor agreement that is the subject of this action. They participated in an arbitration hearing on May 3, 2011 and June 24, 2011 regarding the termination of Lorenzo Elliot who was employed by Defendant as a coach operator.  On September 9, 2011, arbitrator Richard B. Danehy issued a decision finding that the grievance was not filed in a timely manner because the parties did not exchange a list of potential arbitrators within fifteen (15) days of Plaintiff's submission of the demand for arbitration.  As a result, the arbitrator did not discuss or rule on the merits of the grievance.  On December 12, 2011, Plaintiff filed this suit to vacate the arbitration award (#1).

The undersigned held a hearing on May 15, 2012 regarding the Stipulated Discovery Plan and Scheduling Order (#27), filed May 9, 2012.  After hearing arguments as to why the parties disagree as to whether discovery is necessary, the Court ordered a Stipulation and Proposed Order to be filed on May 25, 2012.  The Stipulation and Proposed Order was to address the scope of review of the arbitrator's decision, date the administrative record will be produced, and briefing schedule.  The parties were unable to agree on these issues and submitted separate proposed orders

on May 25, 2012.

After considering the allegations contained in both proposals, the Court finds that its review of this case shall be limited to affirming or vacating the arbitrator's decision.  In the event the Court vacates the arbitration decision, it shall order the case remanded to arbitration.  As the Court does not have the power or authority to reinstate the grievant in the underlying arbitration case, it finds that discovery is not necessary at this time.  Defendant alleges discovery is needed regarding the issue of mitigation of damages and Plaintiff's actions upon receipt of the arbitration decision.  However, the Court's review of the arbitrator's decision can be made based on the administrative record and decision.  Consequently, the administrative record for this case shall be submitted no later than August 24, 2012.  Additionally, the parties shall adhere to the following briefing schedule: Plaintiff's motion to vacate the arbitration award shall be filed within fourteen (14) days of the submission of the administrative record; Defendant's opposition shall be filed with twenty-eight (28) days of Plaintiff's motion; and Plaintiff's reply shall be filed within fourteen (14) days of Defendant's opposition.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the administrative record for this case shall be submitted no later than **August 24, 2012**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to vacate the arbitration award shall be filed on or before **September 7, 2012**.

**IT IS FURTHER ORDERED** that Defendant's opposition to Plaintiff's motion shall be filed on or before **October 5, 2012.**

**IT IS FURTHER ORDERED** that Plaintiff's reply to Defendant's opposition shall be filed on or before **October 19, 2012**.

DATED this 10th day of August, 2012.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2