1

2

3

4            **UNITED STATES DISTRICT COURT**

5            **DISTRICT OF NEVADA**

6

7    AMALGAMATED TRANSIT UNION                    )
     LOCAL 1637, et. al.,                         )
8                                                 )     Case No.  2:11-cv-01986-JCM-CWH
                         Plaintiff,               )
9                                                 )     **ORDER**
     vs.                                          )
10                                                )
     VEOLIA TRANSPORTATION SERVICES, INC.,        )
11                                                )
                         Defendant.               )
12   _____   )

13          This matter is before the Court on Plaintiff Amalgamated Transit Union, Local 1637's

14   Motion to Strike, or in the Alternative, Motion to Exclude Declaration of James N. Foster, Jr. in

15   Support of Defendant's Opposition to Plaintiff's Motion to Vacate (#43), filed on October 19,

16   2012.  The Court also considered Defendant Veolia Transportation Services, Inc.'s Response (#44),

17   filed on November 5, 2012, and Plaintiff's Reply (#45), filed on November 14, 2012.

18                                       **BACKGROUND**

19          This action concerns a labor arbitration decision.  The parties participated in arbitration

20   hearings conducted on May 3, 2011 and June 24, 2011 regarding the termination of Lorenzo Elliot

21   who was employed by Defendant as a coach operator.  On September 9, 2011, arbitrator Richard B.

22   Danehy issued a decision finding that the grievance was not filed in a timely manner because the

23   parties did not exchange a list of potential arbitrators within fifteen days of Plaintiff's submission

24   of the demand for arbitration.  As a result, the arbitrator did not discuss the merits of the grievance.

25   On December 12, 2011, Plaintiff filed this suit to vacate the arbitration award (#1).

26          On August 10, 2012, the undersigned found that the review of this case shall be limited to

27   affirming or vacating the arbitrator's decision.  *See* Order #34.  Additionally, the undersigned found

28   that discovery was not necessary because the Court's review of the arbitrator's decision can be

     made based on the administrative record and decision.  In the instant motion, Plaintiff seeks to

1   strike or exclude Defense counsel's Declaration (#41) submitted in connection with its Response to

2   the Motion to Vacate (#40).  Plaintiff argues that the Declaration is new evidence not submitted at

3   the underlying arbitration hearing or made part of the administrative record and therefore, it is

4   immaterial and impertinent.  In response, Defendant contends that the Declaration is not a pleading

5   that can be stricken and alternatively, it is neither immaterial nor impertinent because it contains

6   information that is material to this action.

### DISCUSSION

8          Federal Rule of Civil Procedure 12(f) states, "The court may strike from a pleading an

9   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Ninth

10   Circuit has noted that "[u]nder the express language of the rule, only pleadings are subject to

11   motions to strike." *Sidney-Veinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (noting

12   that striking a motion to reconsider fails to comply with the policy of Rule 12(f) to avoid litigating

13   spurious issues).  Consequently, Defendant argues that the Declaration at issue is not a pleading as

14   defined by Rule 7(a) and therefore, is not subject to a motion to strike under Rule 12(f).

15          On the other hand, courts have permitted affidavits to be challenged by motions to strike

16   pursuant to Rule 12(f).  *See, e.g., High Sierra Hikers Ass'n v. Powell*, 150 F.Supp.2d 1023 (N.D.

17   Cal. 2001) (striking summary judgment declarations as extra-record evidence that is inadmissible in

18   connection with the final agency action except to the extent they are explanatory of those actions),

19   *rev'd in part on other grounds*, 390 F.3d 630 (9th Cir. 2004); *Scottsdale Ins. Co. v. Moreno*, 133

20   Fed.Appx. 415 (9th Cir. 2005) (reversing district court's decision to strike portions of affiant's

21   summary judgment affidavit given that affiant's prior testimony and present affidavits were

22   reconcilable); *Appliance Recycling Centers of American, Inc. v. JACO Environmental Inc*., 378

23   Fed.Appx. 652 (9th Cir. 2010) (affirmed district court's denial of plaintiffs' motion to strike the

24   declaration of a witness because the summary judgment order did not discuss issues addressed by

25   the declaration); *McCorstin v. U.S. Dept. of Labor*, 630 F.2d 242 (5th Cir. 1980) (striking

26   plaintiff's request for judicial notice).  As a result, Plaintiff argues that Rule 12(f) is the appropriate

27   means to challenge Defendant's Declaration.

28          The Court notes that "[f]ederal courts generally disfavor motions to strike." *Leeward*

2

1    *Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010) (citation omitted); *see*

2    *also Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003)

3    *aff'd in part*, 130 F. App'x 153 (9th Cir. 2005) (denying severe measure of striking answer as

4    unwarranted); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991)

5    ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could

6    have no possible bearing on the subject matter of the litigation."); *Bureerong v. Uvawas,* 922

7    F.Supp. 1450, 1478 (C.D. Cal.1996) ("[M]otions are generally disfavored because they are often

8    used as delaying tactics, and because of the limited importance of pleadings in federal practice.")

9    Here, Plaintiff seeks to strike Defendant's Declaration and the attached exhibits that include

10   information regarding another arbitration award between these parties and withdrawal of a charge

11   before the National Labor Relations Board.  Defendant argues that this evidence is material to their

12   contention that the arbitrator drew from the essence of the collective bargaining agreement rather

13   than, as Plaintiff claims, dispensed his own brand of justice.

14        Judicial review of an arbitration award is "both limited and highly deferential."  *Coutee v.*

15   *Barington Capital Group, L.P.,* 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Sheet Metal*

16   *Workers' Int'l Ass'n v. Madison Indus., Inc.,* 84 F.3d 1186, 1190 (9th Cir. 1996)).  Indeed, "a court

17   should not reverse an arbitration award if it is based on a plausible construction of the collective

18   bargaining agreement."  *Ghebraselassie v. Coleman Security Service*, 829 F.2d 892, 897 (9th Cir.

19   1987).  Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides four

20   grounds for vacating an arbitration award: (1) the award does not draw its essence from the

21   collective bargaining agreement and the arbitrator dispenses his own brand of industrial justice, (2)

22   the arbitrator exceeds the boundaries of the issues submitted to him, (3) the award is contrary to

23   public policy, and (4) the award is procured by fraud.  *S. Cal. Gas Co. v. Utility Workers Union of*

24   *Am., Local 132*, 265 F. 3d 787, 792 (9th Cir. 2001).

25        While judicial review of an arbitration decision is limited, the party opposing the motion to

26   vacate is allowed to submit evidence that the arbitrator did not dispense his own brand of industrial

27   justice. *See Balter v. RBC Dain Rauscher, Inc.,* 2:05-CV-1080-PMP-PAL, 2006 WL 1168889 (D.

28   Nev. May 1, 2006) (considering plaintiff's memorandum of points and authorities that cites another

1    arbitrator's decision in confirming the arbitration award); *see also Lands Council v. Powell*, 395

2    F.3d 1019 (9th Cir. 2004) (allowing extra-record evidence when reviewing a final agency decision

3    in limited circumstances such as, to determine whether the agency considered all the relevant

4    factors and explained its decision).  On the other hand, the party opposing the motion cannot

5    submit immaterial or impertinent evidence.  Immaterial has been defined by the Ninth Circuit as

6    "that which has no essential or important relationship to the claim for relief or the defenses being

7    plead." *Whittlestone, Inc. v. Handi-Craft Corp.*, 618 F.3d 970, 974 (9th Cir. 2010) (noting that the

8    grounds for striking under Rule 12(f) are insufficient defense, redundant, immaterial, impertinent,

9    and scandalous).  Impertinent has been defined as "statements that do not pertain, and are not

10    necessary, to the issues in question." *Id.*

11    Plaintiff contends that Defendant's sole purpose in submitting the declaration is to introduce

12    extra-record evidence that was never admitted in the underlying arbitration hearing, which makes it

13    immaterial and impertinent.  Plaintiff cites *Mogge v. District 8, Int'l Ass'n of Machinists, AFL-*

14    *CIO*, 454 F.2d 510 (7th Cir. 1971) in which the Seventh Circuit found that an affidavit and exhibits

15    purporting to show that the collective bargaining agreement expired were extraneous matters not

16    presented to the arbitrator and therefore could not be allowed as a supplement to the record.

17    Additionally, Plaintiff cites *Wellman v. Writers Guild of America, West, Inc.*, 146 F.3d 666 (9th

18    Cir. 1998) for the proposition that a party may not attack the arbitration on a ground not raised

19    before the arbitrators.  Defendant argues that it raised the timeliness issue before the arbitrator so

20    waiver is not a concern.  Additionally, in response to Plaintiff's allegation that the arbitrator

21    imposed an additional term, Defendant submits the Declaration to elucidate there is precedent for

22    the forfeiture remedy.

23    The Court is not persuaded by Defendant's arguments for why this evidence is material or

24    pertinent.  The arbitration award contained in the Declaration as Exhibit B involves the application

25    of a deadline in the grievance process.  However, the award was issued on March 1, 2012, which is

26    after the September 9, 2011 arbitration award at issue in this case and after December 12, 2011,

27    which is when this case was filed.  Consequently, it is not a prior arbitration award that provides

28    insight into the parties' past practice regarding deadlines, as suggested by Defendant.  Moreover,

1   the March 1, 2012 arbitration award does not interpret the same contractual deadline as the one at

2   issue in this case.  Similarly, the withdrawal of a prior National Labor Relations Board charge,

3   attached as Exhibit A to the Declaration, deals with the automatic renewal of the bargaining

4   agreement between the parties.  Although generally dealing with a deadline, it is not material or

5   pertinent to this case because Defendant presented no evidence that it was submitted to the

6   arbitrator or is persuasive for Defendant's argument regarding the fifteen day grievance deadline at

7   issue in this case.  Accordingly, the Court finds that the information in Defendant's Declaration and

8   exhibits does not have an essential or important relationship to the claim for relief being plead or

9   the defense being plead and does not pertain to the issues in question.  How a prior arbitration

10  award treated a different contractual deadline and why a prior National Labor Relations Board

11  charge was withdrawn do not directly pertain to whether the arbitration award in this case drew its

12  essence from the collective bargaining agreement and the arbitrator dispenses his own brand of

13  industrial justice.  As a result, the Declaration and its exhibits are immaterial and impertinent and

14  therefore, shall be stricken under Rule 12(f).

15          Based on the foregoing and good cause appearing therefore,

16          **IT IS HEREBY ORDERED** that Plaintiff Amalgamated Transit Union, Local 1637's

17  Motion to Strike, or in the Alternative, Motion to Exclude Declaration of James N. Foster, Jr. in

18  Support of Defendant's Opposition to Plaintiff's Motion to Vacate (#43) is **granted**.

19          DATED this 15th day of November, 2012.

20

21  _____

22  **C.W. Hoffman, Jr.**
    **United States Magistrate Judge**

23

24

25

26

27

28