UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AMALGAMATED TRANSIT UNION )
LOCAL 1637, et. al., )
                                   )      Case No. 2:11-cv-01986-JCM-CWH
            Plaintiff, )
                                   )      **FINDINGS AND**
vs.                                 )      **RECOMMENDATION**
                                   )
VEOLIA TRANSPORTATION SERVICES, INC., )
            Defendant. )
                                   )

       This matter is before the Court on Plaintiff Amalgamated Transit Union, Local 1637's Motion to Vacate Arbitration Award (#39), filed on September 7, 2012. The Court also considered Defendant Veolia Transportation Services, Inc.'s Response (#40), filed on October 5, 2012, and Plaintiff's Reply (#42), filed on October 19, 2012.

## BACKGROUND

       This action concerns a labor arbitration decision. The parties participated in arbitration hearings conducted on May 3, 2011 and June 24, 2011 regarding the termination of Lorenzo Elliot who was employed by Defendant as a coach operator. The parties were subject to a collective bargaining agreement ("CBA") effective January 1, 2006 through December 31, 2010. On October 26, 2009, Defendant terminated Lorenzo Elliott for violation of its substance abuse policy. *See* Administrative Record ("A.R.") 0392-93.[1] On May 17, 2010, Plaintiff demanded arbitration of the grievance. *See* A.R. 0414.

       The exact issues submitted to the arbitrator Richard B. Danehy ("the Arbitrator") include: 1) Was the grievance timely advanced to arbitration? 2) If so, then was the Grievant terminated for

---

[1] The Administrative Record cited by the Court is the Corrected Administrative Record #38, which was manually filed with the Court and sealed on the docket.

just cause? *See* A.R. 003. On September 9, 2011, the Arbitrator issued a decision finding that the grievance was not filed in a timely manner because the parties did not exchange a list of potential arbitrators within fifteen days of Plaintiff's submission of the demand for arbitration as required by Section 29.12 of the CBA. *See* A.R. 0001. As a result, the Arbitrator did not discuss the merits of the grievance.

On December 12, 2011, Plaintiff filed this action to vacate the arbitration award (#1). In the instant motion, Plaintiff seeks to vacate the arbitration award on the grounds that it does not draw its essence from the collective bargaining agreement and the Arbitrator dispensed his own brand of industrial justice. In response, Defendant contends that the Arbitrator did not exceed his authority in finding that Plaintiff did not timely pursue the grievance to the last step because there was no mutual agreement to extend any of the deadlines set forth in Section 29 of the CBA.

## DISCUSSION

### A. Scope of Review of an Arbitration Award

Judicial review of an arbitration award is "both limited and highly deferential." *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). Indeed, "a court should not reverse an arbitration award if it is based on a plausible construction of the collective bargaining agreement." *Ghebraselassie v. Coleman Security Service*, 829 F.2d 892, 897 (9th Cir. 1987). Courts afford an arbitrator's decision a "nearly unparalleled degree of deference." *Stead Motors v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1205 (9th Cir. 1989). Consequently, if an "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," then the court many not overturn his decision.

Given the level of deference accorded to an arbitrator's decision, an arbitration award may be vacated in certain narrow circumstances. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides four grounds for vacating an arbitration award: (1) the award does not draw its essence from the collective bargaining agreement and the arbitrator dispenses his own brand of industrial justice, (2) the arbitrator exceeds the boundaries of the issues submitted to him, (3) the award is contrary to public policy, and (4) the award is procured by fraud. *S. Cal. Gas Co.*

*v. Utility Workers Union of Am., Local 132*, 265 F. 3d 787, 792 (9th Cir. 2001).  Plaintiff's motion is based solely on the first ground for vacating an arbitration award.

### B.   Award Draws Its Essence from the CBA

An arbitration award departs from the essence of a CBA when the arbitrator ignores the plain language of the contract and follows his own "whims and biases."  *Haw. Teamsters v. United Parcel Serv.*, 241 F.3d 1177, 1181 (9th Cir. 2001) (citations omitted).  As long as the arbitrator's determination is a plausible interpretation of the CBA, then it may not be overturned.  *See Ass'n of W. Pulp & Paper Workers v. Rexam Graphic, Inc.*, 221 F.3d 1085, 1091 (9th Cir. 2000).  In this case, Plaintiff argues that the arbitration award fails to draw its essence from the CBA and the Arbitrator dispensed his own brand of industrial justice for three reasons: 1) forfeiture language is absent from the CBA, 2) dismissal is severe remedy, and 3) Defendant also failed to comply with Section 29.12.

#### 1.   Absence of Forfeiture Language

Plaintiff contends that the Arbitrator read a forfeiture clause into the CBA because the "contractual language at issue here is plain and unambiguous; it does not provide for forfeiture . . . Nowhere in . . . the Agreement does it state that failure to adhere to the dates provided therein will result in forfeiture."  Pl.'s Motion #39-1, 7.  Defendant asserts that the Arbitrator "simply interpreted the provisions of the CBA as they were set forth in that document."  Def.'s Resp. #40, 11.  Further, Defendant alleges that if either party was free to ignore the CBA deadlines and "no consequences followed, the deadlines are meaningless." *Id.* at 12.

The Court is not persuaded by Plaintiff's argument that the Arbitrator added a term to the CBA.  Plaintiff's argument would render the deadlines set forth in Section 29 null because there would be no consequence to failing to meet them.  It is true that Section 29.13 specifies that nothing in the CBA "shall be construed to empower any arbitrators to change, modify or amend any provision."  A.R. 0192.  However, the Arbitrator conceded that he has "no authority to amend or modify . . . [the CBA to dispense his] own brand of workplace justice.  This obligation applies with equal vigor to the time limits embedded in the grievance procedure."  A.R. 0011.  More significantly, the Arbitrator acknowledged that he "cannot simply read a forfeiture clause into the

3

CBA." A.R. 0012. The Court finds that the mere absence of the word forfeiture in Section 29.12 does not lead to the conclusion that its use as a remedy for noncompliance with Section 29.12 departed from the essence of the CBA. Plaintiff was obligated to comply with the deadline in Section 29.12. The Arbitrator's interpretation of Section 29.12 as a self-imposed statute of limitations and thus, a procedural bar to the arbitrability of the grievance is "plausible." *Ass'n of W. Pulp & Paper Workers*, 221 F.3d at 1091. Such an interpretation facilitates the timely resolution of workplace disputes and enforces the specified deadlines. Indeed, Section 29 is prefaced by describing its purpose as providing "an orderly method for resolving grievances," which suggests that the time limits outlined are important. A.R. 0190. Therefore, the Court finds that the mere absence of the word forfeiture from Section 29.12 does not warrant vacating the arbitration award.

### 2. Severity of Dismissal

Plaintiff also contends that the Arbitrator's decision to dismiss the grievance was too "severe and drastic" of a penalty because it "divested the grievant of his right to have his termination reviewed against the standards of just cause." Pl.'s Motion #39-1, 11. In contrast, Defendant alleges that it is not required to arbitrate a dispute that was not properly submitted to arbitration. *See* Def.'s Resp. #40, 12. The Court is not persuaded that Plaintiff's argument regarding the severity of the remedy is a grounds for vacating the award. The Arbitrator noted that "[f]orfeiture is not favored in arbitration." A.R. 0012. However, he also highlighted the fact that "arbitrators will strictly construe contract provisions setting forth time limits for processing grievances through the various procedure steps and to arbitration. Arbitrators will dismiss grievances where such time limits are not observed." A.R. 0011. The Court does not have authority to second-guess the Arbitrator's method for enforcing the Section 29.12 deadline. It is not for the Court to determine whether forfeiture should be the last resort; judicial review is limited to determining whether the Arbitrator's interpretation was plausible in that it complied with the essence of the CBA. The Arbitrator's interpretation may have been unreasonable if the timeliness issue was first raised at the arbitration hearing. Such a situation is not before the Court in this action. Defendant raised the timeliness issue prior to arbitration on November 8, 2010, at the

arbitration hearing on May 3, 2011, and in its post-hearing brief. *See* A.R. 0011.[2] Moreover, Plaintiff did not propose to submit a list of three potential arbitrators as required by Section 29.12 until five months after its demand for arbitration. *Id.* As a result, it was reasonable for the Arbitrator to find that Plaintiff was on notice prior to the selection of a hearing date of its obligation under Section 29.12. *See* A.R. 0012. Accordingly, the Court finds that the severity of the dismissal consequence does not warrant vacating the arbitration award.

### 3. Mutual Noncompliance

Plaintiff asserts that the arbitration award should be vacated because the Arbitrator applied the forfeiture penalty against Plaintiff only, but Defendant also shared the obligation to submit a list of potential arbitrators within fifteen days of the demand for arbitration and failing to do so. *See* Pl.'s Reply #42, 6-7. Plaintiff suggests that "when deadlines are missed, parties acknowledge it and advance to the next step of the grievance process." Defendant insists that Plaintiff "should not be permitted to avoid the results of its own failure to comply . . . by construing those deadlines as meaningless." Def.'s Resp. #40, 13.

There are four steps to the grievance procedure: 1) Grievance/Informal Settlement Meeting, 2) Formal Settlement Meeting, 3) Joint Resolution Meeting, 4) Arbitration. *See* A.R. 0190-92. Plaintiff complied with all of the time limits prescribed in the CBA through the arbitration stage except for Section 29.12. *See* A.R. 0011. Section 29.12 states, "Within fifteen (15) days after submitting a demand for arbitration, the Company and the Union must supply a list of three (3) potential Arbitrators to each other for the purpose of selection the Neutral Arbitrator." A.R. 0191.

Plaintiff argues that it succeeded in submitting the grievance to arbitration and the step of submitting a list of arbitrators was not necessary to complete the process. The Court is not convinced. Section 29 of the CBA outlines specific deadlines for each step of the grievance and

---

[2] The Court notes that there is an email dated July 19, 2010 in which an employee of Defendant notes that the arbitration demand was filed on May 17, 2010 and no further communications were received. A.R. 0414. Although Defendant did not specifically inform Plaintiff, at that time, that it failed to comply with Section 29.12, it is clear that Plaintiff had not taken any further action to process the grievance through arbitration. It may have been reasonable for Defendant to conclude that Plaintiff had elected not to pursue the arbitration further.

arbitration process. *See* A.R. 0190-92. The Arbitrator found that there was no evidence that Plaintiff submitted a potential arbitrator list within fifteen days, which violated the CBA. *See* A.R. 0011. He specified that the onus was on Plaintiff, as the initiator of the demand for arbitration, to continue the process through that step. *Id.* As a result, the Arbitrator found that it was reasonable to conclude that Plaintiff decided not to pursue the grievance to an arbitration hearing. *Id.* Plaintiff contends Defendant also failed to comply with the CBA so the dismissal remedy was unjustified. However, the Court finds that the Arbitrator's determination that the burden was on Plaintiff to move the grievance forward is reasonable. Plaintiff's attempt to shift the blame to Defendant is unsuccessful because the ultimate burden for timely processing the grievance lies with Plaintiff. Based on its review of the Administrative Record as a whole, the Court finds that the Arbitrator's remedy of dismissing the grievance is a plausible interpretation of the CBA under the surrounding circumstances. Therefore, the Court finds that the mutual noncompliance is not grounds for vacating the arbitration award.

### C. Waiver

Plaintiff does not contend that it submitted a request for an extension of Section 29.12 or that the deadline was waived through past practices between the parties. In contrast, Defendant highlights the fact that the CBA specifies that Section 29 deadlines may only be extended by mutual agreement and no such request was submitted by Plaintiff. *See* Def.'s Resp. #40, 11. The Court notes that Plaintiff was on notice that the only way to extend a deadline was by "mutual agreement" as stated in Section 29.1. A.R. 0190. Consequently, it was reasonable for the Arbitrator to apply the agreed-upon deadline as a procedural bar to deciding the merits of the grievance. The Arbitrator's interpretation is supported by the lack of evidence of any agreement between the parties to waive the fifteen day deadline. Indeed, the Arbitrator highlighted the fact that there was "no evidence of prior laxness observing contractual time limits that might constitute a waiver of the timeliness issue." A.R. 0013. Also, the deadlines set forth in Section 29 of the

CBA are specific and Plaintiff experienced no difficulty complying with them until Section 29.12.[3] Moreover, Plaintiff failed to provide any explanation for why it did not submit a list of three potential arbitrators, request a meeting with Defendant to discuss such obligation, or submit an extension request during the fifteen day period of May 17, 2010 through June 1, 2010. Accordingly, the Court finds that the arbitration award draws its essence from the CBA and the Arbitrator did not dispense his own brand of industrial justice.

Based on the foregoing and good cause appearing therefore,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff Amalgamated Transit Union, Local 1637's Motion to Vacate Arbitration Award (#39) be **denied**.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 8th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[3] The Court notes that there was some discussion regarding the deadline for submitting an arbitration demand due to the fact that a written decision was not provided after the Joint Resolution Meeting. *See* A.R. 0012. As such, Plaintiff was cognizant of the fifteen day deadline in Section 29.10 for submitting an arbitration demand. Therefore, Plaintiff's failure to provide any explanation for why it did not comply with the Section 29.12 deadline for submitting a list of arbitrators is particularly notable.